UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2020
```

YOVANNY DOMINGUEZ, individually and on behalf of all other persons similarly situated,

        Plaintiff,

-v-

GRAND LUX CAFE LLC,

        Defendant.

No. 19-cv-10345 (MKV)

OPINION AND ORDER
GRANTING MOTION TO DISMISS

MARY KAY VYSKOCIL, District Judge:

  Plaintiff Yovanny Dominguez brings this putative class action against Defendant Grand Lux Café LLC alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, the New York State Human Rights Law, ("NYSHRL"), N.Y. EXEC. LAW § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE § 8-101, *et seq.* Dominguez is blind. He alleges that Grand Lux Café discriminates against the blind because it does not sell braille, or otherwise blind-accessible, gift cards. Grand Lux Café moves to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff failed to establish standing to bring this action, and because the Court previously informed him that he would not be granted a second opportunity to amend his complaint to address this deficiency, the motion to dismiss is GRANTED.

## I.   BACKGROUND[1]

Defendant Grand Lux Café LLC owns and operates a chain of restaurants. FAC ¶¶ 26–27. It sells "pre-paid cash cards, colloquially referred [to] as '. . . gift cards'" that patrons can redeem at its restaurants. *Id*. ¶ 4. Plaintiff Yovanny Dominguez is legally blind. *Id*. ¶ 2. On October 26, 2019, he called the customer service line of Grand Lux Café and asked if it sold "gift cards containing Braille." *Id*. ¶ 16. An employee told him that Grand Lux Café does not sell Braille gift cards. *Id*. That employee "did not offer [him] any auxiliary aids or services . . . with respect to [the company's] gift cards." *Id*. ¶ 17. And Dominguez "could not locate accessible store gift cards to purchase." *Id*. ¶ 18. Dominguez alleges that he "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." *Id*. ¶ 21.

On November 6, 2019, Dominguez initiated this action by filing a complaint [ECF #1]. Grand Lux Café initially filed a motion to dismiss the complaint on January 27, 2020 [ECF #16, 17]. In its brief in support of that motion, Grand Lux Café argued that the Court should dismiss the complaint because Dominguez failed to allege standing, among other reasons [ECF #17 at 20–25]. In an Order dated January 29, 2020, the Court granted Dominguez leave to amend his pleading in response to the arguments that it was deficient [ECF #19]. The Court explained that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."

---

[1] The facts are taken from the First Amended Complaint [ECF #23], hereinafter "FAC." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

Dominguez filed his current pleading, the First Amended Complaint, on February 11, 2020 [ECF #23]. He seeks an injunction requiring Grand Lux Café to sell accessible gift cards, compensatory and punitive damages, and attorneys' fees. Grand Lux Café filed its motion to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and its memorandum in support of that motion on March 3, 2020 [ECF #25, 26 ("Def. Mem.")]. Dominguez filed his brief in opposition on March 17, 2020 [ECF #28], and Grand Lux Café filed its reply on March 24, 2020 [ECF #29].

On April 27, 2020, Grand Lux Café filed as supplemental authority the decision of another judge in this district granting the motion to dismiss Dominguez's substantially identical complaint in another case, *Yovanny Dominguez v. Banana Republic LLC*, 19-cv-10171 (GHW), -- F. Supp. 3d --, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020) [ECF# 30]. On April 29, 2020, Dominguez filed a response urging this Court to reach a different result [ECF #31]. On June 18, 2020, Grand Lux Café filed as supplemental authority the decisions of yet another judge in this district granting, on somewhat different grounds, motions to dismiss the substantially identical complaints in two more cases that Dominguez's counsel filed on behalf of Dominguez and another plaintiff, respectively, *Yovanny Dominguez v. Taco Bell Corp*, 19-cv-10172 (LGS) and *Victor Lopez v. Darden Restaurants*, d/b/a *Longhorn Steakhouse*, 19-cv-9888 (LGS) [ECF# 32].

## II.   DISCUSSION

The Court must dismiss the First Amended Complaint because Dominguez has failed to establish standing to assert his claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. Dominguez's "New York State and City claims are governed by the same standing requirements as the ADA," and therefore must fail as well. *Mendez v. Apple Inc.*, No. 18-cv-7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). "Standing is 'the

3

threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). Because standing is a threshold question, and Dominguez failed to establish standing, the Court does not reach the question whether he also failed to state a claim under Rule 12(b)(6).

Under the United States Constitution, the jurisdiction of the federal courts is limited to actual cases and controversies. U.S. Const. art. III, § 2. "Standing to sue is a doctrine rooted in the . . . [Constitution's] case or controversy" requirement for federal court jurisdiction. *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540, 1547 (2016). Thus, a district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff lacks standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

The Supreme Court has held that "the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc.*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* Where, as here, the plaintiff seeks injunctive relief, he "cannot rely on past injury to satisfy the injury [in fact] requirement." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)). Rather, "standing to seek injunctive relief" requires a "real and immediate threat of future injury." *Id*.

As the party invoking jurisdiction, the plaintiff bears the burden of establishing standing. *Spokeo, Inc.*, 136 S. Ct. at 1547. "[A]t the pleading stage, the plaintiff must 'clearly allege facts

4

demonstrating' each element." *Id*. (alteration omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  Indeed, he must "alleg[e] facts that affirmatively and *plausibly* suggest" that he satisfies each requirement of standing.  *Hellas Telecomm.*, 790 F.3d at 417 (emphasis added) (internal quotation marks and citation omitted).  A district court must "accept as true all non-conclusory factual allegations in the complaint."  *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 156 (2d Cir. 2012).  But it "need not credit a complaint's conclusory statements without reference to its factual context."  *Amidax Trading Group v. S.W.I.F.T. SCR*, 671 F.3d 140, 146 (2d Cir. 2011) (quoting *Iqbal*, 566 U.S. at 686).

A plaintiff who invokes federal jurisdiction by bringing a claim under the ADA bears the burden of establishing standing to assert that claim, including demonstrating an injury in fact.  *See Mendez*, 2019 WL 2611168, at *2 (citing *Spokeo, Inc.*, 136 S. Ct. at 1547).  The Second Circuit has found standing, and thus an injury in fact, under the ADA where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).  The last factor—intent to return—is obviously essential for establishing the likelihood of future injury required for injunctive relief.

Intent to return is a "highly fact-sensitive inquiry."  *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler*, 731 F.3d at 187–88; *Camarillo*, 518 F.3d at 158).  The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access."  *Small v. Gen. Nutrition Companies, Inc.*, 388 F. Supp. 2d

83, 86 (E.D.N.Y. 2005). Merely asserting an "[i]ntent to return to the place of injury 'some day,'" when alleged the barriers have been rectified, "is insufficient." *Id.* at 87 (quoting *Lujan*, 504 U.S. at 564); *see also, e.g.*, *Feltzin v. Stone Equities, LLC*, No. 16-cv-6457 (SJF) (AKT), 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018) (finding no plausible intent to return where the complaint merely asserted that the plaintiff planned to return once the defendant corrected barriers to access).

Dominguez has failed to establish standing under the ADA because he does not offer any "non-conclusory factual allegations" that demonstrate a plausible intention to return to a Grand Lux Café restaurant but for barriers to access. *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 156. Instead, the First Amended Complaint merely asserts, in conclusory fashion, that Dominguez "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." FAC ¶ 21. And it rehearses, in equally conclusory fashion, the legal bases for finding an intention to return—past visits and proximity—without providing any supporting factual details. Specifically, the First Amended Complaint alleges that Dominguez "has been a customer at Defendant's stores on prior occasions" and that he "resides within close proximity to at least one of Defendant's physical locations." *Id.* ¶¶ 21, 25. "These generic, conclusory statements are plainly insufficient." *Yovanny Dominguez v. Banana Republic LLC*, 2020 WL 1950496 at *4; *see also Feltzin v. Triangle Properties #1, LLC*, No. 14-cv-5131 (JMA) (ARL), 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016); *Stone Equities, LLC*, 2018 WL 1115135, at *11; *Castillo v. The John Gore Org., Inc.*, No. 19-cv-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019); *but see Yovanny Dominguez v. Taco Bell Corp*, 19-cv-

6

10172 (LGS) (finding the bare assertion that the plaintiff intends to return "plausible" in the light of the "broad[] appeal" of the restaurant chain in question).

Dominguez fails to offer any "factual context," *Amidax Trading Group*, 671 F.3d at 146, for the allegations about his past visits or proximity to Grand Lux Café restaurants. In *Triangle Properties #1, LLC*, a court in this circuit found that a plaintiff lacked standing where the complaint failed to offer factual details "[b]eyond noting a specific date on which [the plaintiff] allegedly visited the subject premises." 2016 WL 11599264, at *5. Dominguez fails to offer even that much detail. The First Amended Complaint says nothing about when Dominguez allegedly visited a Grand Lux Café restaurant, or the number of "prior occasions" on which he was a customer, or how long it has been. In *Kreisler*, the Second Circuit found intent to return based on the facts that the plaintiff "live[d] within several blocks of the Diner" in question and "passe[d] by it three to four times a week." 731 F.3d at 186, 188. Here, by contrast, Dominguez does not even explain what he means when he asserts that he intends to go to "Defendant's restaurant." FAC ¶ 21. He fails to identify which location or locations of the Grand Lux Café chain he has visited in the past, which location is in "close proximity" to his home, what he means by "close proximity," or which location he allegedly wishes to visit in the future. Dominguez thus offers no plausible basis for the inference that he "intend[s] to return to the subject location," wherever that may be. *Kreisler*, 731 F.3d at 188.

Moreover, Dominguez does not explain how the failure of Grand Lux Café to sell braille, or other blind-accessible, gift cards creates a barrier to *his* return to their physical restaurants. To be sure, the Second Circuit has recognized that "deterrence constitutes an injury under the ADA." *Id*. But, by nature, a "gift card" is not commonly understood to be for one's own use, but rather a gift to give to another person to use at the restaurant. While a plaintiff may proceed

7

as an ADA "tester," such testers are still subject to the same standing requirements as any other litigant, including demonstrating that he personally suffered an injury in fact under the ADA. *Triangle Properties*, 2016 WL 11599264, at *3; *see also Perdum Forest City Ratner Cos.*, 174 F. Supp. 3d 706, 714–15 (E.D.N.Y. 2016) (explaining that an injury in fact under the ADA requires that the plaintiff "personally" encountered the barrier to access or was deterred from visiting the place of public accommodation).

Instead of alleging a particularized injury from a barrier to accessing a Grand Lux Café restaurant, Dominguez filed a generic complaint about a failure to sell braille gift cards. Indeed, Dominguez has filed dozens of substantially identical complaints in this district against various retail and dining establishments. *See Banana Republic LLC*, 2020 WL 1950496 at 1 & n.1; Def. Mem. at 1, 23 (counting "more than 248 nearly identical complaints filed in New York federal courts"). "There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical. But those who live by the photocopier shall die by the photocopier" where they "fail[] specifically to assert any concrete injury." *Mendez*, 2019 WL 2611168, at *4; *see also Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004); *de Palo v. Countryside Station Ltd. Liab. Co.*, No. 6:12-cv-204, 2012 WL 1231968, at *2–3 (M.D. Fla. Apr. 12, 2012); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-cv-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007); *Doran v. Del Taco*, No. 04-cv-00046, 2006 WL 2037942 (C.D. Cal. July 5, 2006).

When a complaint is dismissed for lack of standing, the plaintiff generally is given leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). In this case, however, the Court already granted Dominguez leave to amend his complaint in response to the argument that he failed to establish

standing [ECF #17, 19]. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that a plaintiff had "no right to a second amendment" where he had notice of "the deficiencies in his complaint when he first amended it"). Moreover, Dominguez has not identified any proposed amendments that would cure his pleading and confer standing. *See O'Shea v. P.C. Richard & Son, LLC*, No. 15-cv-9069 (KPF), 2017 WL 3327602, at *8 (S.D.N.Y. Aug. 3, 2017); *Berrian v. Pataki*, 510 F. Supp. 2d 348, 356 (S.D.N.Y. 2007). Accordingly, the motion to dismiss the complaint is GRANTED, and this case is dismissed with prejudice.

**SO ORDERED.**

Date:  **June 22, 2020**         _____
        **New York, NY**           **MARY KAY VYSKOCIL**
                                   **United States District Judge**